# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

| | |
|---|---|
| WILLIAM PENN LIFE ASSURANCE COMPANY OF AMERICA, <br><br>      Plaintiff,<br><br>vs.<br><br>BROWN TRANSFER AND STORAGE CO., INC., ET AL.,<br><br>      Defendants/Third-Party Plaintiffs<br>vs.<br><br>FREDERICK GOODMAN and FINANCIAL DIVERSIFIED SERVICES, INC.,<br><br>      Third-Party Defendants. | Case No. 88-6080-CV-SJ-8 |

## ORDER

On May 10, 1988, William Penn Life Assurance Company of America filed suit in the Western District of Missouri against Brown Transfer and Storage Company and Paul H. Byers for Rescission of Insurance Contract and/or Declaratory Judgment. On June 7, 1988, William Penn moved the Court to deposit the sum of $11,653.44 with the Court on the ground that the sum was a tender to defendant Brown Transfer and Storage Co. of the premiums, plus interest, paid on the insurance policy. The Court granted plaintiff's motion to deposit the funds with the Court on June 9, 1988.

The Court's file reflects that on February 21,1991, William Penn, Brown Transfer and Paul Byers entered into a Settlement Agreement. The Settlement Agreement states that Penn will move to dismiss its claims against Brown and Byers only and

Brown and Byers will move to dismiss their claims against Penn only. The Agreement states that "[u]pon dismissal of said claims, all funds deposited with the clerk of the court shall be returned to Penn." A trial was held on plaintiff's claim for breach of contract against third-party defendant Goodman. On March 21, 1991, the jury returned a verdict for plaintiff in the amount of $200,000. Goodman appealed the verdict, but the parties later settled the case. On March 22, 1993, William Penn filed a Satisfaction of Judgment with the Court. However, in a recent audit, it was discovered that the funds deposited into the Court's registry by William Penn, were never disbursed to any party and have remained invested with the Court since that time. In an effort to determine which party was entitled to the funds, the Court issued on Order on September 30, 2011, directing either William Penn or Brown Transfer & Storage to respond if it believed that it was entitled to the funds deposited in the Court's registry. On October 31, 2011, William Penn filed a Motion for Disbursement of Funds. William Penn stated that as all claims arising out of or related to the matters at issue have been fully settled and released, it is entitled to a return of the deposited funds, plus interest. Attached to its Motion for Disbursement of Funds, was an affidavit of Bryan R. Newcombe, Vice President, Secretary and General Counsel for Banner Life Insurance Company. Mr. Newcombe stated that Banner Life acquired the assets of William Penn through an assumption reinsurance and asset purchase agreement effective September 30, 1991 and thereby holds all rights, titles and interests in and to the assets, funds and claims of William Penn. Banner therefore requests that the funds be disbursed to it. Brown Transfer & Storage did not file a response to the Order.

      Accordingly, for good cause shown and with no other party indicating a right or

interest in the funds, it is HEREBY ORDERED, ADJUDGED AND DECREED, that the interest bearing account established by this Court to hold the tendered premium from this action is hereby terminated. The Clerk of the Court is hereby ordered to immediately distribute the balance held in such account, together with any accrued and undistributed interest attributable to Banner Life Insurance Company. The check shall be made payable to Banner Life and sent to the following address:

Brian E. Sobczyk
Stinson Morrison Hecker, LLP
1201 Walnut Street, Suite 29000
Kansas City, Missouri 64106

Date: November 3, 2011          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                Chief United States District Judge